FILED

DEC 01 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ cN _____
        DEPUTY CLERK

William L. Powell #BK7931
_____
Name and Prisoner/Booking Number

High Desert State Prison
_____
Place of Confinement

P.O. Box 3030
_____
Mailing Address

Susanville, CA 96127
_____
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

William L. Powell          )
_____,   )
(Full Name of Plaintiff)   )
            Plaintiff,      )
                           )   CASE NO. 2:23-cv-00520-AC (PC)
        v.                 )            DAD
                           )   (To be supplied by the Clerk)
(1) A.Albrecht (sued as individual & official cap.),  )
_____    )
(Full Name of Defendant)   )
                           )
(2) D.Jodin (sued as individual & official capacity),  )
                           )
                           )   **CIVIL RIGHTS COMPLAINT**
(3) M.Murphy (sued as individual & official capacity)  )   **BY A PRISONER**
                           )
(4) M.Deforest (sued as individual & official cap.),  )   ☒ ~~Original Complaint~~
            Defendant(s).   )   ☒ First Amended Complaint
☒ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    ☐ Other: _____.

2.  Institution/city where violation occurred:  High Desert State Prison _____.

## 1A
### Defendants

(5) R. St. Andre (sued as individual & official capacity)

(6) K. Morris (sued as individual & official capacity)


ALL DEFENDANTS ARE BEING SUED IN BOTH THEIR "INDIVIDUAL" AND OFFICIAL CAPACITY

## B. DEFENDANTS

1.  Name of first Defendant: A. ALBRECHT _____. The first Defendant is employed as:
    I.S.U. OFFICER #10 _____ at HIGH DESERT STATE PRISON _____.
            (Position and Title)                               (Institution)

2.  Name of second Defendant: _D.JODIN _____. The second Defendant is employed as:
    I.S.U. OFFICER _____ at HIGH DESERT STATE PRISON _____.
            (Position and Title)                               (Institution)

3.  Name of third Defendant: M. MURPHY _____. The third Defendant is employed as:
    I.S.U SERGEANT #3 _____ at HIGH DESERT STATE PRISON _____.
            (Position and Title)                               (Institution)

4.  Name of fourth Defendant: M. DEFOREST _____. The fourth Defendant is employed as:
    I.S.U. LT. #1 _____ at HIGH DESERT STATE PRISON _____.
            (Position and Title)                               (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner? ☐ Yes ☒ No

2.  If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

    a. First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

    b. Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

    c. Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

B. Defendants

5.
R. St. Andre.  The fifth defendant is employed as Warden at High Desert State
Prison.

6.
K. Morris.  The 6th defendant is employed as a I.S.U. Peace Officer at High
Desert State Prison

ALL DEFENDANTS ARE BEING SUED IN BOTH THEIR "INDIVIDUAL" AND "OFFICIAL"
CAPACITIES

## B. Defendants

6. K. Morris.   The sixth defendant is employed as I.S.U. Officer at High Desert State Prison.

## D. CAUSE OF ACTION

### CLAIM I

1.   State the constitutional or other federal civil right that was violated: **Eighth Amendment under the United States Constitution. "Deliberate Indifference"** .

2.   **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities   ☐ Mail   ☐ Access to the court   ☐ Medical care

☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation

☐ Excessive force by an officer   ☐ Threat to safety   ☒ Other: **Staff Refused to Give Medical Aid**

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On this date Thursday September 8th, 2022 defendants A ALBRECHT, D. JODIN, and M. MURPHY searched my assigned cell (HDSP A4-209) as part of an alleged investigation. (2) Upon completion of cell search I was told by defendant ALBRECHT on the way back from C.T.C. (Central Treatment Center) that my assigned cell (A4-209) was being locked out with all of my property inside. (3) I asked defendants A. ALBRECHT and D. JODIN if I could be given my medical D.M.E. (Durable Medical Equipment) prescription glasses, my religious necklace, wedding ring, and hygeine essentials since cell was being locked out and was told by defendant A. ALBRECHT "the ball's already rolling, like I told your celly, you're not getting shit." (4) After I was sent back to HDSP building 4 I was told by correctional officer J. JORDAN that he had earlier asked both defendants A. ALBRECHT and D. JODIN if I could be given my prescription glasses and a few other items either he or defendants could search upon my arrival back to housing unit and was told "no." (5) Defendant M. MURPHY being an I.S.U. Sergeant was present during cell search and failed to intervene in presence of subordinate's wrong doing when plaintiff was denied medically prescribed glasses. (6) Defendants D. JODIN and M. MURPHY also denied me medical aid knowing my prescription glasses were inside my cell.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Due to the deliberate and negligent actions and inactions of defendants ALBRECHT, JODIN, and MURPHY not allowing me access to my prescribed D.M.E. glasses I had to endure months of headaches, dizziness, inability to see clearly, safety needs, and

5.   **Administrative Remedies:**

   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No

   b.   Did you submit a request for administrative relief on Claim I?   ☒ Yes   ☐ No

   c.   Did you appeal your request for relief on Claim I to the highest level?   ☒ Yes   ☐ No

   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____ .

3

## B. CLAIM I CONTINUED.

1  (7) On this date September 14th, 2022 I spoke with correctional
2  officer M. SEVY (an employee of High Desert State Prison at all
3  relevant times) regarding contacting an administrative supervisor
4  about attaining my glasses and personal property. (8) Hours later,
5  defendants A. ALBRECHT, D. JODIN, and other correctional staff
6  returned to HDSP building A4-209 to gather all property from cell
7  that was locked out already for (6) six days to retaliate upon
8  plaintiff for inquiring about allowed property to defendants
9  supervisor. (9) Correctional officer M. SEVY asked defendant A.
10  ALBRECHT if plaintiff could at least be afforded medical D.M.E.
11  glasses since defendant was taking all property and was told "no,'"
12  a direct interferance of plaintiff's medical needs, which
13  constitutes an Eighth Amendment violation. (10) Defendants A.
14  ALBRECHT and D. JODIN along with other correctional officers
15  employed by High Desert State Prison begain pulling out property
16  from cell A4-209 and seen throwing plaintiffs personal, medical,
17  and religious property over the tier into an orange bin in a
18  retaliatory/reprisal action for plaintiff's inquiry to defendants
19  supervisor about property. (11) Defendant A: ALBRECHT is heard
20  saying "'Since they want to contact my superiors about their
21  property and make noise on their end, I'll make noise on my end'
22  and "Fuck 'em," which is a direct threat to my safety and security,
23  and retaliation, violating the Bane Civil Rights Act. (12) On this
24  date September 21, 2022 defendants A. ALBRECHT and D. JODIN refused
25  to issue me my property which contained my D.M.E. glasses,
26  depriving me of a serious medical need and causing temporary vision
27  paralysis, nose bleeds, vomiting, and impairment. (13) Defendants
28  A. ALBRECHT and D. JODIN made me sign a 1083 HDSP Property

### D. CLAIM I CONTINUED - PAGE 2

1  Inventory and Confiscation slip knowing I was in need of Effective

2  Communication due to my 2.0 TABE score and vision impairment, a

3  direct violation of the A.D.A. 504 Rehabilitation Act and

4  constitutes an 8th Amendment Violation for deprivation of basic

5  needs of Effective Communication and understanding of all occuring

6  events, constituting a 14th Amendment violation of due process

7  clause, 8th Amendment violation of equal protection of laws, and

8  chilled plaintiff's 1st Amendment rights of access to the courts

9  by coercion, intimidation and threats to plaintiff's property and

10  personal safety were he to file CDCR 602 grievance, staff

11  complaints, and/or petition the courts to intervene on the

12  violations of plaintiff's Constitutional rights.

13

14

15  ### INJURY CONTINUED

16  constant fear of being preyed upon.

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: **First Amendment under the United States Constitution**.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - [X] Basic necessities
   - [ ] Mail
   - [ ] Access to the court
   - [ ] Medical care
   - [ ] Disciplinary proceedings
   - [X] Property
   - [ ] Exercise of religion
   - [ ] Retaliation
   - [ ] Excessive force by an officer
   - [X] Threat to safety
   - [X] Other: **Breach of Contract**

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

**(1) On this date September 14, 2022 plaintiff submitted a grievance alleging staff misconduct on defendants A. ALBRECHT and B. JOBIN. (2) I spoke to correctional officer M. SEVY (an employee of High Desert State Prison at all relevant times) about contacting defendants ALBRECHT and JOBIN's supervisors in regards to my B.M.E. glasses and personal property that were confiscated. (3) Hours later, defendants A. ALBRECTH, B. JOBIN, and other correctional officers (employed by High Desert State Prison at all relevant times) entered into HDSP building A4 where defendant A. ALBRECHT was approached by correctional officer M. SEVY who informed defendant A. ALBRECHT that plaintiff requests his B.M.E. glasses, religious necklace, wedding ring, and legal paperwork, but was told "They're not getting shit." (4) Defendant A. ALBRECHT then retrieved a key from A4 control tower officer and proceeded to cell A4-209 with other officers where padlock was removed from cell A4-209 after (6) days. (5) Defendants A. ALBRECHT, B. JOBIN, and other correctional officers then began pulling out property out from cell A4-209 and were seen throwing property over the tier into an orange bin. (6) Defendant A. ALBRECHT then went down stairs to A-4 staff office after property was out of cell A4-209 exited staff office stating "Since they [plaintiff and cellmate] want to contact my superiors about their property and make noise on their end, I'll make noise on my end' and "Fuck 'em." (7) On this date September 15th, 2022 plaintiff.**

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
**Due to the grossly negligent, retaliatory and criminal actions of defendants ALBRECHT, JOBIN I am in constant fear of retaliation, I am constantly depressed, I have lost alot of weight, I am sleep deprived, I have veru bad headaches constantly, I am locked.**

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? [X] Yes [ ] No
   b. Did you submit a request for administrative relief on Claim II? [X] Yes [ ] No
   c. Did you appeal your request for relief on Claim II to the highest level? [X] Yes [ ] No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

CONTINUED PAGE 4
CLAIM II

1  submitted a frievance on defendant A. ALBRECHT and D. JODIN for multiple policy
2  and procedural violations. (8) On this date September 21, 2022 defendants A.
3  ALBRECHT and D. JODIN refused to issue my property back to me when defendants
4  made me sign a 1083 Property Inventory and Confiscation slip and not physically
5  issue my property being I was at work at CTC (Central Treatment Center) and
6  needed (EC) Effective communications. (9) Defendants A. ALBRECHT and D. JODIN
7  refused to issue me receipts for inventory or confiscation receipts, explain
8  items confiscated and missing items knowing I needed my D.M.E. glasses that were
9  in property confiscated, violating plaintiffs rights to equal protection of law
10 constitutes an 8th Amendment & 14th Amendment violation. (10) On this date
11 September 23, 2022 I was issued (3) seperate RVR's (Rules Violation Reports)
12 authored by defendant A. ALBRECHT for same search conducted on 9-8-22, and
13 entered into "SOMS" a false police report for the purpose of causing plaintiff
14 harm, danger and hardship, a direct violation of Cal. Gov. Code 845.4, 844.6.
15 (11) On this date October 10th, 2022 defendant A. ALBRECHT intercepted RVR
16 questions that were given directly to Investigative Employee (correctional
17 officer Robles) for RVR defense, which is a conflict of interest to the plaintiffs
18 defense in the RVR hearing, voilating the 14th Amendment Due Process Clause.
19 (12) Defendant A. ALBRECHT was witnessed asking same exact questions to same
20 exact witnesses prior to RVR hearing for RVR authored by defendant A. ALBRECHT,
21 which is also a violation of 14th Amendment Due Process Clause, tampering with
22 evidence, coercing witnesses in the matter. (13) I submitted a grievance
23 informing hiring authority of staff misconduct and was denied. (14) Defendant A.
24 ALBRECHT admits to falsifying dates in RVR on recorded appeals interviews, a
25 direct violation of Cal. Gov. Code 845.4 to "cover up" the malicious conduct of
26 all involved defendants. (15) On this date January 12, 2023 I was placed in
27 AD-SEG (Administrative Segregation) for conspiracy to extort defendant ALBRECHT,
28 which constitutes an 8th Amendment claim of cruel and unusual punishment,

**CONTINUED PAGE 4**
**CLAIM II**

1  unlawful punishment, wrongful AD-SEG placement, false imprisonment as <u>NO</u> evidence

2  supports the charges.  **(16)** On this date January 17, 2023 I received RVR #4 for

3  extortion of a peace officer by means of threats or force authored by defendant

4  A. ALBRECHT, which was entered into "SOMS" falsely, for the purpose of causing

5  plaintiff harm, danger and hardship. Defendant deprived plaintiff of liberty,

6  due process, equal protection, which is not in accordance with Penal Code 2600

7  (a) and 1170 (b) as plaintiff may not be deprived of such rights as reasonably

8  related to penalogical interest.

9

10                                **INJURY CONTINUED**

11  down in segregation, I constantly stress due to my personal and religious items

12  being stolen by staff as well as my wedding ring and necklace. I am deprived of

13  my freedom to life, my right to communicate with family, and being deprived of my

14  right to be free from cruel and unusual punishment.

## CLAIM III

1. State the constitutional or other federal civil right that was violated: **Fourteenth Amendment under the United States Constitution. "Due Process"**.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☒ Basic necessities   ☐ Mail   ☒ Access to the court   ☐ Medical care
   ☐ Disciplinary proceedings   ☒ Property   ☐ Exercise of religion   ☐ Retaliation
   ☒ Excessive force by an officer   ☐ Threat to safety   ☒ Other: **Breach of Contract**.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   **(1) On this date September 14, 2022 my allowed property was confiscated by defendants A. ALBRECHT and D. JODIN who said that I was getting "shit" until property was searched. (2) Defendant A. ALBRECHT stated that "she knew we tried to reach out to her supervisors about property and since they want to make noise on their end, I'll make noise on my end' and "fuck em." (3) On this date September 21, 2022 I was at work at CTC (Central Treatment Center) when defendants A. ALBRECHT and D. JODIN told me I had to sign a 1083 Property Inventory and Confiscation slip without issuing me my glasses or property knowing I am in need of (EC) effective communication due to my vision impairment and 2.0 TABE score. (4) Defendant A. ALBRECHT pointed where I was to sign while saying that if I can prove that confiscated items are mine defendant would return all items confiscated as defendant assured me that all of my property was in A-facility program and will be there and ready for pick up when I get off work. (5) Upon my return from work I reported to A-facility program office where I was told by defendant ALBRECHT that my property would be. (6) Upon speaking to correctional officer/SGE McMahon (an employee of High Desert State Prison at all relevant times) he informed me that there was no 1083 inventory slip so he could not issue me my**.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   **Due to the inactions of defendants ALBRECHT and JODIN I am without proper hygeine, I now sturggle with depression, I can't sleep, I stress about the emotional attachment to my necklace and wedding ring that were stolen by staff along with personal photos**.

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No

   b. Did you submit a request for administrative relief on Claim III?   ☒ Yes   ☐ No

   c. Did you appeal your request for relief on Claim III to the highest level?   ☒ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

**CONTINUED PAGE 5**
**CLAIM III**

property (7) Sergeant Roblek (an employee of High Desert State Prison at all relevant times) called defendat A. ALBRECHT at home and was told by defendant A. ALBRECHT to issue my property without any 1083 inventory slip. (8) Upon opening property box and taking inventory I discovered that all of my allowed property was missing, my prescription glasses were not in my property, and all of my cellmate's (I/M Wright #G64627) personal photos and miscellaneous paperwork were in my boxes, a retaliatory act by the defendant in an attempt to cause a hostile environment between my cellmate and I. (9) I discovered that all of my property along with my medically prescribed glasses and approved vendor/quarterly package receipts were missing, an attempt to prevent plaintiff from providing proof of purchases.


**INJURY CONTINUED**

of deceased family members. Due to the actions of defendants ALBRECHT and JODIN, I am deprived of my entitled religious, personal, medical, and legal property which causes severe stress, strain, and damage to my mental, emotional, hygeinic, and physical health.

## 5-A
## CLAIM IV

1  The First Amendment right under the United States Constitution.

2  Issue Involved: Retaliation.

3  **(1)** On this date january 12, 2023 I was summoned to HDSP A facility program

4  office by defendant Lt. M. DEFOREST.

5  **(2)** Upon my arrival I was told by Sergeant PAOLI (employee of High Desert

6  State Prison at all relevant times) that myself and cellmate were being

7  sent to AD-SEG but had to wait for defendant M. DEFOREST to arrive to

8  explain why were being falsely imprisoned and illegally seized without

9  reasoning.

10  **(3)** Defendant M. DEFOREST has been notified and well aware of misconduct

11  by subordinates and chose to ratify the unconstitutional action and/or

12  decisions of subordinates and the bases for it, instead of correct or

13  remedy them.

14  **(4)** Defendant M. DEFOREST states in incident report that all of plaintiffs

15  grievances alleging staff misconduct are false. This is fabricating,

16  falsifying documents, violating Cal. Gov. Code 844.6, injury to a prisoner

17  and Cal. Civ. Code 3294 (c)(1) Malice (c)(3) Fraud, for the purpose of

18  causing plaintiff harm and hardship.

19

20                                   **INJURY**

21  Due to defendant M. DEFOREST's negligent supervision of subordinates I am

22  being falsely and illegally being held in punitive segregation where I am

23  constantly subjected to cruel and unusual punishment, I am sleep deprived,

24  depressed and in constant fear of further staff retaliation.

25

26

27

28

**5-B**
**CLAIM V**

1  The Eighth Amendment under the United States Constitution.

2  Issue Involved: Threat to Safety.

3  (1) Plaintiff filed several administrative grievances asking and pleading to

4  defendant R. ST. ANDRE (warden and hiring authority) for immediate intervention

5  of staff retaliation and misconduct, in which he failed to correct, ameliorate or

6  remedy the unconstitutional actions of defendants.

7  (2) Plaintiff filed request for interviews to defendant R. ST. ANDRE due to

8  informational proof concerning staff misconduct by employee of High Desert State

9  Prison and received no response, thus denying my right to inmate services per

10  California Code of Regulations Title 15, and further aiding unconstitutional acts

11  of defendants.

12  (3) On this date March 13, 2023, I received an investigation allegation inquiry

13  findings from defendant R. ST. ANDRE who signed said memorandum stating acts

14  alleged did not occur or the act may have or in fact occured but individual

15  employee(s) named in the complaint(s) was not involved.

16  (4) On this date March 10, 2023 I submitted a request to be administered a

17  polygraph/CVSA stress test and was denied.

18

19                                  **INJURY**

20  Due to defendant R. ST. ANDRE's deliberate and negligent denial of a thorough

21  investigation and/or intervention into staff misconduct allegations I was further

22  retaliated upon, my property was confiscated and given to other inmates, I was

23  given four (4) RVR's (Rules Violation Reports) from the same staff I wrote

24  grievances on, I was placed in punitive segregation for allegedly extorting

25  staff I wrote grievances on.

26

27

28

5-C
## CLAIM VI

The Eighth Amendment, Cruel and Unusual Punishment (Excessive Force), the Fourth

Amendment under the United States Constitution, Excessive Force by an Officer(s)

(1) On this date September 8, 2022 plaintiff was handcuffed and escorted to A-Fac-

ility Visiting area by defendant D. JODIN (an employee of High Desert State

Prison at all relevant times) where plaintiff was placed on a body scanner.

(2) Plaintiff was later placed in a holding cage (while still handcuffed) for

hours, then escorted off the yard by defendant D. JODIN and forced into a white

Tahoe S.U.V. with defendants ALBRECHT and MURPHY.

(3) Plaintiff, still cuffed, was forcefully removed from S.U.V. by defendant

JODIN and led into C.T.C. (Central Treatement Center) with defendant ALBRECHT.

(4) Plaintiff was then led into C.T.C. Radiology room where defendant MORRIS was

already present and X-rayed against plaintiff's will and while still handcuffed.

(5) Plaintiff had already been placed on body scanner twice prior to forced X-ray.

(6) After X-ray, defendant ALBRECHT repeatedly threatened plaintiff that if he

did not tell defendant ALBRECHT where contraband was plaintiff would be made to

defecate on himself, X-rays or not.

(7) Plaintiff relayed to defendants ALBRECHT and JODIN that there was no such

contraband and should be cleared after four (4) X-rays.

(8) Plaintiff was forced back into white S.U.V. by defendants ALBRECHT and JODIN

and complained of shoulder pain but was told by defendant ALBRECHT "yOu will be

out of the cuffs when you get to Z-unit (ad-seg)."

(9) Plaintiff was then removed from white SUV (driven by defendant M. MURPHY).

Defendant D. JODIN escorted plaintiff back to A-Facility program office where he

was placed back in a holding cage, still cuffed.

(10) Defendant A. ALBRECHT began to threaten and interrogate plaintiff with

disciplinary actions if plaintiff did not tell her about "Blue." (inmate A.

Wright, confined at High Desert State Prison at all relevant times).

(11) Plaintiff repeatedly told defendant that he knew nothing about "blue."

## 5-C (CONTINUED)

1   (12) Defendant A. ALBRECHT then told plaintiff that he would now receive an RVR

2   and be sent to Ad-Seg.

3   (13) Plaintiff was then left cuffed in holding cage for several more hours after

4   defendant A. ALBRECHT left.

5   (14) After plaintiff complained about severe shoulder and back pain, correctional

6   officer Vang uncuffed plaintiff and said he could go back to his assigned housing

7   unit A4.

8   (15) Upon plaintiff arrival to building A4 plaintiff was told that his assigned

9   cell A4-209 was locked out and he had been moved to cell A4-140 without any

10  hygeine, bedding, medical aide (prescription glasses), or legally active court

11  documents.

12

13                                    **INJURY**

14  Due to defendants ALBRECHT, JODIN, and MORRIS's deliberate and negligent actions

15  by forcing plaintiff to be X-rayed multiple times while being threatened by

16  defendants, I am in constant fear of further staff retaliation, I suffer from

17  severe shoulder and arm pain from being cuffed up for multiple hours, and I now

18  suffer from depression and sleep deprivation, loos stool/bowels.

5-B
## CLAIM VII

1  The Eighth Amendment under the United States Constitution.

2  Issue Involved: Deliberate Indifference.

3  (1) On this date September 8th, ~~2023~~ 2022 defendant K. MORRIS (an employee of High

4  Desert State Prison at all relevant times) was present during a search of my

5  assigned cell HDSP A4-209 and refused to intervene when subordinates committed

6  wrongful acts during cell search.

7  (2) Defendant K. MORRIS placed me on an institutional security body scanner in

8  A-Facility visiting area two (2) seperate times.

9  (3) Defendant K. MORRIS was present during CTC (Central TreatmentCenter) illegal

10  X-ray and failed to intervene as subordinates committed wrongful acts.

11

12  ## INJURY

13  Due to defendant K. MORRIS's failure to act I am in pain in my loose stool/bowels,

14  neck, back, and shoulder areas, I have severe headaches, and suffer from insomnia

15  due to fear of further retaliation by prison staff.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff requests that the court grant the following relief: A) Issue a declatory judgment stating that: 1) The deliberate negligence of defendants A. ALBRECHT and D. JOBIN caused physical abuse violating plaintiff's right under the Eighth Amendment of the United States Constitution. 2) Defendants A. ALBRECHT and D. JOBIN's failure to act on policy and procedure to curb any physical or mental harm to plaintiff violated the Eighth Amendment to the United States Constitution. 3) Defendant D. JOBIN for failing to take action is grossly negligent when supervising subordinate commit wrongful acts violating plaintiff's right to Eighth Amendment under the Unites States Constitution. 4) Defendant M. Murphy for failing to take action is grossly negligent

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11- 22- 23
                 DATE

_William L powell_
SIGNATURE OF PLAINTIFF


(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


(Signature of attorney, if any)


(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

### E. REQUEST FOR RELIEF (CONTINUED)

when supervising subordinates committing wrongful acts against plaintiff being illegally X-rayed, violating plaintiff's Eight Amendment right under the United States Constitution.

5) Defendant A. ALBRECHT, D. JODIN, M. MURPHY deliberate denial of plaintiff's medical aide (prescribed glasses) violated plaintiff's Eighth Amendment right under the United States Constitution.

6) Defendant A. ALBRECHT threat to retaliate was supported by adverse actions violated plaintiff's First and Eighth Amendment rights under the United States Constitution.

7) Defendants A. ALBRECHT and D. JODIN's failure to act within policy and procedure deprived plaintiff of entitled property violating plaintiff's Fourteenth Amendment of the United States Constitution.

8) Defendant R. ST. ANDRE's failure to act is grossly negligent in supervising subordinates commiting wrongful acts.

9) Defendant M. DEFOREST deliberately failed to act as subordinates committed wrongful acts.

B)

1) Issue an injunction ordering defendants A. ALBRECHT and D. JODIN to return all property, religious items, and legal documents illegally confiscated.

2) issue an injunction ordering the immediate transfer of plaintiff to a suitable institution due to fear of further staff retaliation.

C)

1) Issue an injunction ordering defendant R. ST. ANDRE to release plaintiff from punitive segregation and place plaintiff in an institution where no retaliation could be inflicted by High Desert State Prison staff with restoration of all rights and priveleges.

2) Expunge disciplinary convictions described in this complaint from plaintiff's institutional record.

**(cont.)**

### E. REQUEST FOR RELIEF (CONTINUED)

**D)**

**1)** Award compensatory damages in the following amounts: $50,000 jointly and severally against defendants A. ALBRECHT, D. JODIN, and M. MURPHY for the physical and emotional injuries sustained as a result of the plaintiff being denied prescribed vision glasses for almost four (4) months.

**2)** $10,000 jointly and severally against defendants R. ST. ANDRE and M. DEFOREST for punishments including deprivation of liberty, and amenity, emotional and physical injury resulting from the denial of due process in connection with defendants failure to act and knowledge of threats and acts of retaliation by staff.

**3)** $30,000 jointly and severally against defendants A. ALBRECHT, D. JODIN and M. MURPHY for the physical and emotional injuries resulting from defendants failure to act on procedural rights allowing plaintiff medical aide that was in cell at time of search.

**E)**

**1)** $20,000 jointly and severally against defendants M. MURPHY, A. ALBRECHT, and K. MORRIS.

**2)** $10,000 jointly and severally against defendants R. ST. ANDRE and M. DEFOREST.

**F)**

**1)** Grant such other relief as it may appear that plaintiff is entitled.


**DATE:**

Respectfully Submitted.